# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTOPHER WILLIAMS,

    Petitioner,

vs.

ISIDRO BACA, *et al.*,

    Respondents.

Case No. 3:14-cv-00383-LRH-WGC

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. The petition in the instant action challenges petitioner's state conviction in case number 92C108502. Petitioner previously challenged this same conviction in this Court, filed under case number 2:03-cv-00298-RCJ-RJJ. The petition in case number 2:03-cv-00298-RCJ-RJJ was reviewed on the merits and denied by order filed March 19, 2008. (ECF No. 71). Judgment was entered the same date. (ECF No. 72). Petitioner appealed. (ECF No. 73). In an opinion filed December 17, 2009, the United States Court of Appeals for the Ninth Circuit affirmed the denial of the habeas petition. (ECF No. 87).

    "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A). The instant petition is a successive petition, which requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeal to pursue. *See* 28 U.S.C. § 2244(b)(3) *et seq.* Because the prior habeas corpus petition was decided on the merits, the instant habeas petition is a successive petition. *McNabb v. Yates*, 576

F.3d 1028, 1029 (9th Cir. 2009).  Petitioner has not presented this Court with proof that he has obtained leave to file a successive petition from the Ninth Circuit Court of Appeals.  Therefore, the instant petition will be dismissed as successive.

District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed.  Rule 11(a).  In order to proceed with any appeal, petitioner must receive a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong.  The Court therefore denies petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly.

DATED this 16th day of October, 2014.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE